UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
SOUTHERN DIVISION

2004 JUL 19 PM 2:09

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

CONSOLIDATED CITY OF INDIANAPOLIS    )
                                     )
                    Plaintiff,       )
                                     )
vs.                                  )    Cause No. 1:04-CV-1097 JDF-TAB
                                     )
ACE INSURANCE COMPANY OF NORTH       )
AMERICA d/b/a and/or SUCCESSORS IN   )
INTEREST TO CIGNA PROPERTY AND       )
CASUALTY INSURANCE COMPANY, ACE      )
INSURANCE COMPANY OF NORTH           )
AMERICA d/b/a and/or SUCCESSORS IN   )
INTEREST TO BANKER'S STANDARD        )
INSURANCE COMPANY, and NATIONAL      )
UNION FIRE INSURANCE COMPANY,        )
                                     )
                    Defendants.      )

## ACE DEFENDANTS' OBJECTON TO
## PLAINTIFF'S MOTION TO CONSOLIDATE

Now come defendants, Ace Insurance Company of North America d/b/a and/or Successors in Interest to CIGNA Property and Casualty Insurance Company and ACE Insurance Company of North America d/b/a and/or Successors in Interest to Banker's Standard Insurance Company (collectively, "ACE"), by and through their counsel, Michael D. Huber of the law firm Iwan Cray Huber Horstman & VanAusdal LLC, and as their objection to plaintiff's motion to consolidate, state as follows:

1.    ACE was served in this cause on July 1, 2004.

2.    Plaintiff has filed a motion to consolidate this cause with cause No. 1:02-CV-1340 LJM-WTL for the purpose of compelling ACE to attend a settlement conference previously scheduled in that other case for July 28, 2004.

3.    ACE is not required to answer or otherwise plead to the complaint in this cause until July 22, 2004.

4.    ACE will be filing a motion to dismiss this cause with prejudice on or before July 22, 2004.

5.    As of the filing date of this objection, ACE has not yet even located copies of all the policies at issue in this cause.

6.    Counsel for ACE has informed counsel for the plaintiff of these facts and requested that plaintiff reschedule the mediation to a later date, but counsel for plaintiff has refused to do so.

7.    No purpose would be served in requiring ACE to attend a settlement conference at this time, because ACE's motion to dismiss will not be decided or even briefed at the time of the scheduled settlement conferment.

8.    No purpose would be served in requiring ACE to attend a settlement conference at this time, because ACE has not yet even located copies of all the policies that are in issue in this case.

9.    It would be manifestly unjust to require ACE to attend a settlement conference before it has a chance to investigate the allegations, locate its policies, assess its exposure, and conduct some basic discovery.

10.    If ACE is compelled to attend a settlement conference at this point, it will cause a waste of time for the court and the parties, as ACE will not be in a position to offer any money toward settlement or even to state a coverage position, until it has a reasonable amount of time to analyze the pleadings, policies and other facts.

11.    Counsel for ACE has also specifically advised counsel for the plaintiff that the July 28, 2004 date is not workable for the settlement conference, due to prior out-of-state obligations of lead counsel for ACE, but plaintiff's attorney has declined to reschedule.

WHEREFORE, ACE objects to plaintiff's motion to consolidate and prays that the motion be denied.

Respectfully submitted,

By:_____
Michael D. Huber

Michael D. Huber #19116-45
Attorney for Defendants ACE
Iwan Cray Huber Horstman & VanAusdal LLC
303 West Madison, Suite 2200
Chicago, Illinois 60606
(312) 332-8450